Filed 12/16/22  P. v. Washington CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B320103 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA048701) |
| v. | |
| RODERICK WASHINGTON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Teri Schwartz, Judge.  Appeal dismissed.

Richard B. Lennon, under appointment by the Court of Appeal; Roderick Washington, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 2002, a jury found Roderick Washington guilty of two counts of second degree commercial burglary (Pen. Code, § 459)[1] and one count each of identity theft (§ 530.5, subd. (a)) and grand theft of personal property (§ 487, subd. (a)), all felony offenses. The trial court sentenced him to eight years in state prison, which was later reduced to six years after Washington's direct appeal of his convictions. (*People v. Washington* (Apr. 26, 2004, B162464) [nonpub. opn.].)

"Approved by the voters in 2014, Proposition 47, the Safe Neighborhoods and Schools Act, reduced the punishment for certain theft- and drug-related offenses, making them punishable as misdemeanors rather than felonies." (*People v. Page* (2017) 3 Cal.5th 1175, 1179.) Proposition 47 added section 490.2, which states, in pertinent part, "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." (§ 490.2, subd. (a).) A person who has served a sentence for a felony that was reclassified under Proposition 47 may petition the trial court to redesignate the offense as a misdemeanor unless he or she is disqualified by certain other convictions. (§ 1170.18, subds. (a), (f), (i).)

In 2018, Washington filed in this action a petition under Proposition 47. Therein, he did not identify which convictions he was asking the trial court to redesignate as misdemeanors. The trial court denied the petition on the ground Washington's crimes in this action involved property worth more than $950.

---

[1] Undesignated statutory references are to the Penal Code.

Washington appealed, and we affirmed the order. (*People v. Washington* (Aug. 27, 2018, B288025) [nonpub. opn.].) We explained that nothing in our opinion precluded Washington from filing a new petition under Proposition 47 alleging sufficient facts to support a claim that a particular conviction could be redesignated as a misdemeanor because the offense involved the theft of property worth $950 or less. (*Id.* at pp. 3-5.) We noted that the evidence showed Washington used a false identification to purchase more than $2,000 worth of merchandise from a Best Buy store (count 1 for second degree commercial burglary and count 2 for identity theft), and he also used a false identification to purchase $633.21 worth of merchandise from a Target store (count 4 for second degree commercial burglary and count 5 for grand theft of personal property). (*Id.* at p. 2.)[2]

On March 25, 2022, Washington filed in this action a new petition under Proposition 47. On March 28, 2022, the trial court granted the petition as to counts 4 and 5, redesignating as misdemeanors the offenses committed at the Target store. The court denied the petition as to counts 1 and 2, the offenses committed at the Best Buy store.

On April 15, 2022, Washington filed in this action a third petition under Proposition 47, contending the trial court erred in declining to redesignate as misdemeanors counts 1 and 2.[3] On

---

[2] During trial, the prosecutor dismissed count 3 for grand theft of personal property taken from Best Buy. (*People v. Washington*, *supra*, B162464, p. 2.)

[3] All Washington's petitions under Proposition 47 in the record before us are timely under section 1170.18, as the statute requires such petitions or applications be filed "on or before

April 19, 2022, the trial court issued a minute order denying this petition on the ground the loss at issue in counts 1 and 2 exceeded $950 for each offense.

Washington appealed, and this court appointed counsel for him. After examination of the record, counsel filed an opening brief stating he had found no arguable issues to raise on appeal and requesting that we follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*). We sent a letter to Washington and his appointed counsel, advising Washington that within 30 days he could submit a supplemental brief or letter stating any grounds for an appeal, or contentions or arguments he wanted this court to consider. Washington filed a supplemental brief.

Because Washington's appeal is from an order denying post-conviction relief, and not his first appeal of right from his conviction, he is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. (*Serrano, supra*, 211 Cal.App.4th at p. 503.)[4] He is entitled, however, to our review of any contentions set forth in a supplemental brief he files. (See *Serrano*, at p. 503; cf., *Ben C.*,

_____

November 4, 2022, or at a later date upon showing of good cause." (§ 1170.18, subd. (j).)

[4] Under *Serrano*, in a criminal appeal in which *Wende* does not apply, counsel who finds no arguable issues is still required to (1) inform the court that counsel has found no arguable issues to be pursued on appeal; (2) file a brief setting out the applicable facts and law; (3) provide a copy of the brief to appellant; and (4) inform the appellant of the right to file a supplemental brief. (*Serrano, supra*, 211 Cal.App.4th at p. 503, citing *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544 (*Ben C.*).) Washington's counsel has complied with these responsibilities.

*supra*, 40 Cal.4th at p. 544, fn. 6.) If no supplemental brief is filed, we may deem the appeal to be abandoned and dismiss the appeal.

Although Washington filed a supplemental brief, he did not include any contention for us to review. He did not argue the trial court erred in declining to redesignate counts 1 and 2 as misdemeanors because the offenses involved property worth more than $950. Rather, he set forth the procedural history of this matter and the law surrounding Proposition 47, and then he asked us to "follow the procedures set forth in *People v. Superior Court (Corona)* (1981) 30 Cal.3d 193," without elaborating on the procedures to which he was referring. That case involved the People's challenge by writ of mandate to the relitigation of the defendant's earlier unsuccessful challenges to two search warrants, and it has no application here. (*Id*. at pp. 196-197.) Because Washington has not stated any grounds for an appeal, or contentions or arguments he wants us to consider, we dismiss his appeal as abandoned.

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

5